FILED

2010 JUN 10 P 12: 16

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| RADIODETECTION, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>VIVAX-METROTECH CORP.;<br><br>SEBA KMT; and<br><br>LEIDI UTILITY SUPPLY LTD.<br><br>Defendants. | CASE NO. 1:10 cv 644<br>TSE/TRJ<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT, INJUNCTIVE RELIEF, and DECLARATORY JUDGMENT

Plaintiff Radiodetection, Ltd. ("Radiodetection"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Vivax-Metrotech Corp. ("Vivax-Metrotech"); SebaKMT ("SebaKMT"); and Leidi Utility Supply Ltd. ("Leidi") as follows:

### A. Nature of Action

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, to enjoin infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer for sale, and/or importation into the United States for subsequent use or sale of products, methods, processes, services, and/or systems that infringe one or more claims of United States Patent No. 5,260,659 ("the '659

patent") (attached as Exhibit A) and United States Patent No. 6,268,731 ("the '731 patent") (attached as Exhibit B).

2. This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation in the United States of infringing products, methods, processes, services, and systems that are primarily used or primarily adapted for use in locating underground cables and pipes.

3. Radiodetection seeks injunctive relief to prevent Defendants from continuing to infringe its patents directly and/or indirectly, and seeks the recovery of monetary damages resulting from Defendants' past infringement of these patents.

**B.    The Parties**

4. Radiodetection, the assignee of all right, title, and interest in and to the '659 and '731 patents is a United Kingdom corporation located in Bristol, England.

5. Upon information and belief, Defendant Vivax-Metrotech is a corporation organized and existing under the laws of California, with its principal place of business in Santa Clara, California.

6. Upon information and belief, Defendant SebaKMT is a corporation organized and existing under the laws of Germany, with its principal place of business in Baunach, Germany. SebaKMT is the ultimate global parent of Vivax-Metrotech.

7. Upon information and belief, Defendant Leidi is a corporation organized under the laws of China with its principal place of business located in Shanghai, China.

**C.    Jurisdiction and Venue**

8. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. This Court has personal jurisdiction over each of the Defendants because each Defendant has substantial and continuous contacts within this judicial district and/or because each Defendant has committed acts of patent infringement within this judicial district, including offering to place infringing products into the stream of commerce under circumstances such that each Defendant reasonably should have anticipated being sued in this judicial district. The Court also has personal jurisdiction over each of the Defendants because the acts of patent infringement are aimed at this judicial district and/or have effect in this judicial district.

10. Venue is properly laid in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## COUNT I – PATENT INFRINGEMENT OF THE '659 PATENT

11. Radiodetection restates and realleges the preceding paragraphs of this Complaint.

12. On November 9, 1993, the '659 patent was duly and legally issued by the United States Patent and Trademark Office. Radiodetection owns the '659 patent by assignment. The '659 patent is valid and enforceable. A true and correct copy of the '659 patent is attached as Exhibit A. Radiodetection is presently and has been marking its underground cable and pipe locator products covered by the '659 patent.

13. Upon information and belief, Defendant Vivax-Metrotech makes, uses, sells, offers for sale, and/or imports directly or through agents and/or intermediaries the vLocPro in the United States, including within this judicial district, that infringes one or more claims of the '659 patent. Upon information and belief, Vivax-Metrotech began to make, use, sell, offer for sale, and/or import the vLocPro upon the merger of Vivax Corporation and Metrotech Corporation—due to Vivax Corporation already selling the accused device—in or about 2009 or 2010.

14. Upon information and belief, SebaKMT is the ultimate global parent company of Vivax-Metrotech and thus makes, uses, sells, offers for sale, and/or imports directly or through agents and/or intermediaries the vLocPro in the United States, including within this judicial district, that infringes one or more claims of the '659 patent.

15. On information and belief, Leidi is a manufacturer and importer of underground cable and pipe locators and makes, uses, sells, offers for sale, and/or imports directly or through agents and/or intermediaries the vLocPro in the United States, including within this judicial district, that infringes one or more claims of the '659 patent.

16. Upon information and belief, Vivax-Metrotech and Leidi received notice of the '659 patent no later than 2005, when certain Radiodetection employees left the company to start Vivax Corporation. SebaKMT received notice of the '659 patent no later than when it acquired Vivax Corporation, believed to be in approximately 2008.

17. Upon information and belief, Defendants have been and are infringing the '659 patent with knowledge of the patent, and thus their infringement is willful.

## COUNT II – INFRINGEMENT OF THE '731 PATENT

18. Radiodetection restates and realleges the preceding paragraphs of this Complaint.

19. On July 31, 2001, the '731 patent was duly and legally issued by the United States Patent and Trademark Office. Radiodetection owns the '731 patent by assignment. The '731 patent is valid and enforceable. A true and correct copy of the '731 patent is attached as Exhibit B. Radiodetection is presently and has been marking its underground cable and pipe locator products covered by the '731 patent.

20. Upon information and belief, Defendant Vivax-Metrotech makes, uses, sells, offers for sale, and/or imports directly or through agents and/or intermediaries the vLocPro in the United

4

States, including within this judicial district, that infringes one or more claims of the '731 patent. Upon information and belief, Vivax-Metrotech began to make, use, sell, offer for sale, and/or import the vLocPro upon the merger of Vivax Corporation and Metrotech Corporation—due to Vivax Corporation already selling the accused device—in or about 2009 or 2010.

21. Upon information and belief, SebaKMT is the ultimate global parent company of Vivax-Metrotech and thus makes, uses, sells, offers for sale, and/or imports directly or through agents and/or intermediaries the vLocPro in the United States, including within this judicial district, that infringes one or more claims of the '731 patent.

22. On information and belief, Leidi is a manufacturer and importer of underground cable and pipe locators and makes, uses, sells, offers for sale, and/or imports directly or through agents and/or intermediaries the vLocPro in the United States, including within this judicial district, that infringes one or more claims of the '731 patent.

23. Upon information and belief, Vivax-Metrotech and Leidi received notice of the '731 patent no later than 2005, when certain Radiodetection employees left the company to start Vivax Corporation. SebaKMT received notice of the '731 patent no later than when it acquired Vivax Corporation, believed to be in approximately 2008.

24. Upon information and belief, Defendants have been and are infringing the '731 patent with knowledge of the patent, and thus their infringement is willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

(1) Enter judgment that each Defendant has infringed the '659 and '731 patents;

(2) Enter an order permanently enjoining each Defendant and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '659 and '731 patents;

(3) Award Plaintiff damages in an amount sufficient to compensate it for each Defendant's infringement of the '659 and '731 patents, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4) Treble damages awarded to Plaintiff under 35 U.S.C. § 284 by reason of the Defendants' willful infringement of the '659 and '731 patents as appropriate;

(5) Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorney fees, expenses, and costs incurred in this action; and

(6) Award Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated: June 10, 2010

Respectfully submitted,

_____
A. Neal Seth (VSB 47394)

Kenneth J. Sheehan
William C. Bergmann

BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
(202) 861-1500

*Counsel for Radiodetection, Ltd.*